(C. D. 812)

GARLOCK PACKING CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 20, 1943)

Brooks & Brooks (Frederick W. Brooks of counsel) for the plaintiff.

Paul P. Rao, Assistant Attorney General (William J. Vitale and Alfred A. Taylor, Jr., special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This controversy involves importations of certain engine packing, styles numbered 4 and 6. Duty was assessed thereon at 30 per centum ad valorem under paragraph 216 of the Tariff Act of 1930 as amended. The plaintiff claims that the merchandise is properly dutiable at 20 per centum ad valorem under paragraph 1501 (b) and the United Kingdom Trade Agreement, T. D. 49753. By way of amendment it is further claimed that it is dutiable at 20 per centum ad valorem under paragraph 1501 (a) as modified by the United Kingdom Trade Agreement, T. D. 49753, as manufactures of yarn, cord, etc., of asbestos, or of asbestos and any other spinnable fiber, with or without wire; or at 25 per centum ad valorem under paragraph 1501 (d).

The controversial paragraphs, as far as are here pertinent, together with amendments, provide as follows:

PAR. 216 * * * and articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for, 45 per centum ad valorem.

Amended by trade agreements with the Republic of France (T. D. 48316) and with the United Kingdom (T. D. 49753) to read:

216 Articles or wares composed wholly or in part of carbon or graphite, wholly or partly manufactured, not specially provided for     30% ad val.

PAR. 1501. (a) Yarn, slivers, rovings, wick, rope, cord, cloth, tape, and tubing, of asbestos, or of asbestos and any other spinnable fiber, with or without wire, and all manufactures of any of the foregoing, 40 per centum ad valorem.

(b) Molded, pressed, or formed articles, in part of asbestos, containing any binding agent, coating, or filler, other than hydraulic cement or synthetic resin, 25 per centum ad valorem.

\*     \*     \*     \*     \*     \*     \*

(d) All other manufactures of which asbestos is the component material of chief value, 25 per centum ad valorem.

Amended by the trade agreement with the United Kingdom (T. D. 49753) to read:.

1501 (a) Yarn, slivers, rovings, wick, rope, cord, cloth, tape, and tubing, of asbestos, or of asbestos and any other spinnable fiber, with or without wire, and all manufactures of any of the foregoing     20% ad val.

1501 (b) Molded, pressed, or formed articles, in part of asbestos, containing any binding agent, coating, or filler, other than hydraulic cement or synthetic resin     20% ad val.

At the trial the examiner testified that styles 4 and 6 were composed in chief value of asbestos yarn and that his advisory classification thereof as articles in part of graphite was in accordance with instructions of the Treasury Department contained in T. D. 48907 (5).

The plaintiff contends that the merchandise herein is more specifically provided for under paragraph 1501 (a) as all manufactures of asbestos yarn, or under (d) as all other manufactures of which asbestos is the component material of chief value, inasmuch as paragraph 1501 in subparagraph (a) (d) does not contain the modifying clause "not specially provided for." That subparagraph (a) is more specific than subparagraph (d) because "a" includes only manufactures in chief value of yarn, whereas "d" provides for other manufactures of asbestos, not specifically named in subparagraph (a).

The Government contends that the question is not whether the provision for manufactures in whole or in any part is more specific than manufactures in chief value of, but whether articles or wares, wholly or in part of graphite is more specific than manufactures of which asbestos is the component material of chief value. That the words "not specifically provided for" in paragraph 216 do not reduce the specificity of a provision which would, in the absence of such qualifying phrase, otherwise be of more limited application.

The abstract of Treasury Decisions published in T. D. 48907 (5) provides as follows:

(5) *Asbestos and graphite manufactures.*—Articles such as packings, pressed sheets, and gaskets, in chief value of asbestos and in part of graphite, dutiable under paragraph 216 of the Tariff Act of 1930 or item 216 of the French Trade Agreement (T. D. 48316) at appropriate rate, rather than under paragraph 1501 (d) of the Tariff Act of 1930. Such articles should be regarded as in part of graphite if graphite has been used as ingredient and constitutes 2 percent or more by quantity of the article. In the absence of specific information to the contrary, less than 2 percent graphite considered negligible, and articles of character described containing less than 2 percent of graphite dutiable under paragraph 1501 (d), Tariff Act of 1930. Bureau letter to collector of customs, New York, N. Y., March 19, 1937.

The only issue in this case is the relative specificity between the provisions of paragraph 216 and paragraph 1501 (a) and (d). As between paragraphs 1501 (a) and 1501 (d) the provision for "all manufactures of any of the foregoing," to wit, yarn of asbestos, paragraph 1501 (a) has been held to be more specific than the general provision in paragraph 1501 (d) for "All other manufactures of which asbestos is the component material of chief value." In *Hill v. United States,* 26 C. C. P. A. 295, C. A. D. 31, the merchandise consisted of certain dryer felts or belts of varying lengths and widths, composed of cotton yarns and asbestos yarns, the asbestos yarns being composed of asbestos, cotton yarns, and cotton fibers, and were classified as manufactures of asbestos and any other spinnable fiber. There our appellate court stated:

Paragraphs 1501 (a), 1501 (b), 1501 (c), and 1501 (d) appear in "Schedule 15—Sundries," and each of such paragraphs deals with asbestos articles or articles in part of asbestos. In 1501 (a) there is no limitation that asbestos shall be the component of chief value. Standing alone, the paragraph does not seem to require that the asbestos shall be the component of chief value of an article composed "of asbestos and any other spinnable fiber," or of a "manufacture" therefrom.

It is noted that paragraph 1501 (b) (under which appellant made claims that were abandoned in the appeal to us) provides for certain articles "in part of asbestos," as does paragraph 1501 (c). The articles so provided for in those paragraphs broadly are manufactures, although that term is not used. This may account for the phraseology of paragraph 1501 (d) "all other manufactures."

However that may be, the question confronting us here is whether paragraph 1501 (d) may be given effect without interpreting the language which may be paraphrased to read "manufactures of asbestos and any other spinnable fiber" to mean that such manufactures must be wholly or substantially wholly of asbestos alone.

It seems quite clear that by the use of the word "other" in paragraph 1501 (d) Congress meant to provide for manufactures which were not provided for in any of the preceding paragraphs of the schedule. Paragraph 1501 (a) has no limitation with respect to value or chief value. The articles therein provided for may be composed wholly of asbestos or partly of asbestos and any other *spinnable* fiber. The "other manufactures" provided for in paragraph 1501 (d) may include articles wherein the asbestos is not combined with other spinnable fibers, and which are not included among the articles provided for in paragraph 1501 (b) and 1501 (a). We are of the opinion that paragraph 1501 (a) provides for a specific class or specific classes of manufactures, of which the merchandise at bar (in the absence of evidence making applicable paragraph 913 (a)) is an illustration, and that there is ample room for the application of 1501 (d) to other kinds of manufactures in which asbestos is the material of chief value. Hence, here, as in the *Linen Thread Co.* case, *supra* (with respect to the words "of flax"), there is nothing in the context which requires that the words "of asbestos and any other spinnable fiber" be interpreted as meaning "substantially wholly of asbestos."

While the court there construed the residuary clause of paragraph 1501 (a) as including asbestos of any nature when combined with any other spinnable fiber and paragraph 1501 (d) as including any other asbestos, when not combined with any other spinnable fiber, which was the particular kind of merchandise there before them, the holding of the court is equally applicable to the merchandise here before us. According to the Government chemist's report attached to the invoice papers the instant merchandise is a combination of a pure asbestos yarn with various fats and graphite. Asbestos yarn is *eo nomine* provided for in paragraph 1501 (a), in language as follows: "Yarn * * * of asbestos, or of asbestos and any other spinnable fiber." Pertaining particularly to yarn, the paragraph provides *eo nomine* for it in three conditions, to wit, yarn of asbestos, yarn of asbestos and any other spinnable fiber, and all manufactures of asbestos yarn or of asbestos yarn and any other spinnable fiber. Inasmuch as the merchandise before us is included directly within the provision for manufactures of asbestos yarn, it is a more specific provision

therefor than the provision for all *other* manufactures in paragraph 1501 (d).

The next question for consideration is whether paragraph 1501 (a) is a more specific designation for the commodity herein than the residuary clause of paragraph 216. Without question the phrase "all manufactures of any of the foregoing" contained in paragraph 1501 (a) is limited to the *eo nomine* articles expressly covered by that paragraph. In paragraph 216 the language: "articles or wares composed wholly or in part of * * * graphite, wholly or partly manufactured, not specially provided for," is not so limited, but extends to any article or ware containing graphite, not specially provided for elsewhere in the tariff act. As manufactures of asbestos yarn, irrespective of other ingredients therein, are provided for *eo nomine* in paragraph 1501 (a), that provision would appear to be more specific, inasmuch as it is limited in its application to yarn or other articles therein named "of asbestos." Therefore, in view of the fact that the provision for graphite contains the clause "not specially provided for," the intention of Congress not to include in paragraph 216 manufactures of asbestos yarn containing graphite becomes clear. As stated in *United States* v. *Snow*, 6 Ct. Cust. Appls. 120, T. D. 35388, at page 126:

> The presence of this term in a given paragraph advises the customs authorities that merchandise otherwise within the paragraph *may* be elsewhere classified, because elsewhere provided for. If the provision found elsewhere is *eo nomine*, and the one in which the above term is found is general, the *eo nomine* provision will control, because the more specific, * * *.

Even though the foregoing paragraphs, 1501 (a) and 216, equally applied to the merchandise here, the provisions of paragraph 1501 (a) would prevail on account of the presence of the phrase "not specially provided for" in paragraph 216. Under similar circumstances, our appellate court, in the *Snow* case, *supra*, stated as follows:

> In *Hall* v. *United States* (T. D. 25340) a decision of the Board of General Appraisers was affirmed. In the decision of the board by De Vries, G. A., discussing the effect of the term "not specially provided for," it was said in substance that if two provisions were equally applicable to merchandise the presence in the one and the absence in the other of that term would determine its classification, but that it was only invoked to determine a doubt between equally applicable provisions of law. We think this manifestly is the sound rule * * *.

For the reasons stated, and in view of the authorities cited, we hold that the engine packing here in question is properly dutiable under the provisions of paragraph 1501 (a) and T. D. 49753 at 20 per centum ad valorem, as claimed.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entries and make refund accordingly.